UNITED STATES of America, Appellee,

v.

Eric NEWTON, Defendant–Appellant.

No. 02–1377.

United States Court of Appeals, Second Circuit.

Aug. 13, 2003.

---

856

Robert E. Nicholson, Law Office of Robert E. Nicholson, Brooklyn, NY, for Appellant.

William E. Craco, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Serene K. Nakano, James G. Cavoli, Andrew J. Ceresney, Assistant United States Attorneys, of counsel), New York, NY, for Appellee.

Present: JACOBS and SOTOMAYOR, Circuit Judges.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Defendant–Appellant Eric Newton appeals from a judgment of conviction entered on June 19, 2002 in the United States District Court for the Southern District of New York (Haight, *J.*), following a jury trial that ended with Newton's convictions on various charges arising from a fraudulent-visa scheme. Included in the offenses of conviction were four substantive counts of making false statements regarding matters within the jurisdiction of the State Department in connection with Newton's efforts to obtain visas, in violation of 18 U.S.C. §§ 2, 1001, and one count of conspiracy to make such false statements, in violation of 18 U.S.C. § 371.

The primary issue on this appeal is whether the Government committed reversible error under *United States v. Richter*, 826 F.2d 206 (2d Cir.1987), which concluded that "cross-examination which compels a defendant to state that law enforcement officers lied in their testimony is improper." *Id.* at 208. We noted that this impropriety by itself would not likely require reversal, but we reversed Richter's convictions because of the combined force of the cross-examination, improper rebuttal testimony, and a misleading summation, during which the prosecutor deliberately misquoted Richter's testimony and told the jury that government agents must be lying for Richter to be innocent. *Id.* at 208–09.

In this case, reversal is unwarranted, despite the Government's concession that portions of its cross-examination of Newton were improper under *Richter*. Newton failed to object to the cross-examination or during the allegedly improper jury addresses, and thus our review is only for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Bayless*, 201 F.3d 116, 127–28 (2d Cir.2000).

In *United States v. Kiszewski*, 877 F.2d 210 (2d Cir.1989), we rejected a *Richter*-based argument in a prosecution for making false declarations, limiting *Richter* on the ground that the ultimate issue did not depend on the truthfulness of the testifying law enforcement agents. *Id.* at 217.

---

* The Honorable Fred I. Parker, who was a member of the panel, died following argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b).

In *Kiszewski,* when "truthfulness was the central issue," we concluded that "it was not misleading or unfair to focus so directly on defendant's veracity even though it might be in other criminal cases." *Id.* *Kiszewski* thus recognized that *Richter* has diminished force when a defendant like Newton is on trial for making false statements. We cannot therefore say that the district court committed plain error in failing to halt either the cross-examination of Newton or the Government's jury addresses.

We have reviewed Newton's other contentions and conclude that they lack merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**